UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNAMARIE ABBOTT,

                Plaintiff,

    v.                                    **DECISION AND ORDER**
                                               12-CV-647S

CAROLYN W. COLVIN,

                Defendant.

       1.      Presently before this Court is Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA). (Docket No. 28.) Defendant opposes Plaintiff's motion on the basis that her position was substantially justified. Alternatively, Defendant argues that the fees Plaintiff requests are excessive and should be reduced. For the following reasons, Plaintiff's motion is granted and Plaintiff will be awarded $5,962.50 in attorney's fees.

       2.      Plaintiff applied for disability insurance benefits on January 8, 2009. Her application was denied initially by the agency, and then by an Administrative Law Judge ("ALJ"). The Appeals Council denied review on May 10, 2012. Plaintiff then filed a civil action in this court on July 10, 2012, challenging Defendant's final decision. On October 25, 2013, this Court found that substantial evidence in the record supported the ALJ's decision. (Docket No. 20.) Plaintiff subsequently appealed to the Second Circuit, where the court affirmed in part, vacated in part, and remanded the case for further administrative consideration. Upon receipt of the Second Circuit's mandate (Docket No. 25), this Court entered judgment on March 10, 2015 consistent with that decision. (Docket No. 27.) On April 8, 2015, Plaintiff moved for attorney's fees under the EAJA. (Docket No. 28.)

3. The Equal Access to Justice Act provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action [except a tort action], including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A).

4. It is undisputed that Plaintiff brings this motion as a prevailing party under the statute because she obtained a remand order. See Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993). On January 7, 2015, the United States Court of Appeals for the Second Circuit affirmed in part, reversed in part, vacated in part, and remanded the case for further administrative proceedings. Defendant does not challenge Plaintiff's status as a prevailing party. Rather, Defendant argues that her litigation position was substantially justified, and even if it was not, Plaintiff's fee request is excessive and should be reduced.

5. Substantially justified means "'justified in substance or in the main,'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2543, 101 L. Ed. 2d 490 (1988). Further, even if the position is not correct, that position can be substantially justified if a reasonable person thinks it could be correct, having a reasonable basis in law and fact. Id. The government, therefore, "bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007).

6. In reaching its decision to affirm in part, vacate in part, and remand in part, the Second Circuit held that the ALJ's limited analysis on Plaintiff's ability to perform her past relevant work was inadequate. The court noted that the ALJ, while addressing Plaintiff's physical limitations, left her non-exertional limitations largely undiscussed, hindering appellate review. Consequently, the court was "unable to fathom the ALJ's rationale in relation to the evidence." Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). An ALJ's obligation to fully set forth the basis of his or her decision is firmly rooted and well established. Therefore, this Court finds that the Commissioner's position defending the ALJ's faulty decision was not substantially justified.

7. Turning to Plaintiff's fee request, Plaintiff initially requested an award of $8,425.06 for 44.7 hours of work. She increased her request to $8,990.50 to account for an additional three hours of work on her reply papers. Plaintiff argues that because the statutory rate of $125 per hour was established in 1996, counsel should be compensated at a rate of $188.48, which accounts for the increase in the cost of living since 1996. Defendant argues that Plaintiff's fee request is excessive and should be reduced.

8. This Court has broad discretion to determine whether the amount of time spent on a case was reasonable. Ashton v. Sec'y of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). While district courts have held that between 20 and 40 hours is a reasonable expenditure of time for a disability case, see, e.g., Cruz v. Apfel, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999); Grey v. Chater, 95 CIV. 8847(JFK), 1997 WL 12806 at *1 (S.D.N.Y. 1997), courts have also awarded fees for hours in excess of this amount. Scott v. Astrue, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007). Here, Plaintiff has met the burden of establishing the reasonableness of the hours expended and made a good faith effort to exclude excessive or redundant fees. The fees requested in this case are therefore not excessive. See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L.

6. In reaching its decision to affirm in part, vacate in part, and remand in part, the Second Circuit held that the ALJ's limited analysis on Plaintiff's ability to perform her past relevant work was inadequate. The court noted that the ALJ, while addressing Plaintiff's physical limitations, left her non-exertional limitations largely undiscussed, hindering appellate review. Consequently, the court was "unable to fathom the ALJ's rationale in relation to the evidence." Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). An ALJ's obligation to fully set forth the basis of his or her decision is firmly rooted and well established. Therefore, this Court finds that the Commissioner's position defending the ALJ's faulty decision was not substantially justified.

7. Turning to Plaintiff's fee request, Plaintiff initially requested an award of $8,425.06 for 44.7 hours of work. She increased her request to $8,990.50 to account for an additional three hours of work on her reply papers. Plaintiff argues that because the statutory rate of $125 per hour was established in 1996, counsel should be compensated at a rate of $188.48, which accounts for the increase in the cost of living since 1996. Defendant argues that Plaintiff's fee request is excessive and should be reduced.

8. This Court has broad discretion to determine whether the amount of time spent on a case was reasonable. Ashton v. Sec'y of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). While district courts have held that between 20 and 40 hours is a reasonable expenditure of time for a disability case, see, e.g., Cruz v. Apfel, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999); Grey v. Chater, 95 CIV. 8847(JFK), 1997 WL 12806 at *1 (S.D.N.Y. 1997), courts have also awarded fees for hours in excess of this amount. Scott v. Astrue, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007). Here, Plaintiff has met the burden of establishing the reasonableness of the hours expended and made a good faith effort to exclude excessive or redundant fees. The fees requested in this case are therefore not excessive. See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L.

Ed. 2d 40 (1983).

9. After carefully examining the parties' arguments, this Court finds no cause to deny Plaintiff's request for attorney's fees or to decrease the number of hours for which Plaintiff's counsel should be compensated.  But this Court finds that the statutory rate of $125 per hour results in a sufficient fee for this case.  See 28 U.S.C. § 2412(d)(2)(A).

10. Accordingly, Plaintiff's Motion for Attorney's Fees is granted.  This Court will award Plaintiff attorney's fees in the sum of $5,962.50 based upon 47.7 hours at the hourly rate of $125.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees (Docket No. 28) is GRANTED.

FURTHER, that Plaintiff is awarded $5,962.50 in attorney's fees.

SO ORDERED.


Dated:  September 29, 2016
        Buffalo, New York

                                             /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge